UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONNIE KING, et al., )
 )
 Plaintiffs, )
 )
 vs. ) Case No. 4:14-CV-1828 (CEJ)
 )
RAINERI CONSTRUCTION, LLC, et al., )
 )
 Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' consent motion for approval of the settlement between the parties and to dismiss the action with prejudice.

**I. Background**

On October 28, 2014, plaintiff Ronnie King filed this suit in his individual capacity and on behalf of similarly situated hourly-paid construction employees at Raineri Construction, LLC, alleging that defendants failed to pay overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1), and the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat. § 290.505.1 (Count I-II); maintained systematic "time shaving" practices in violation of FLSA, the MMWL, and Missouri common law (Counts III-VII); and refused to pay the "prevailing hourly rates of wages" for labor performed on public works contracts in violation of Missouri's Prevailing Wage Act (MPWA), Mo. Rev. Stat. § 2901.210, *et seq.* (Count VIII).[1] Counts I and III initially were brought as an "opt-in" collective action under

---

1 Count VIII was added in the amended complaint filed November 21, 2014.

FLSA, 29 U.S.C. § 216(b). Counts II and IV-VIII were brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

On January 30, 2015, plaintiff filed an amended complaint removing all class and collective action claims but otherwise asserting the same claims on his own behalf. The amended complaint also added as named plaintiffs three individuals who had previously "opted-in" to the putative collective action, Daniel Carbone, Steven Hill, and Dominic Lawson. On February 3, 2015, defendants filed the instant motion by joint request for court approval of the settlement between the named parties.

## II. Discussion

### A. Court Approval of FLSA Settlements

The Court first notes that the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class. Martin v. Spring Break '83 Prods., L.L.C., 688 F.3d 247, 257 (5th Cir. 2012) (enforcing private settlement agreement entered into without judicial consent where plaintiff were represented by counsel and the court determined a bona fide dispute had existed when the settlement was entered); Carrillo v. Dandan Inc., Civ. No. 13-671 (BAH), 2014 WL 2890309, at *5 (D.D.C. June 26, 2014) (finding that "no binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements *ex ante*"); Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 364-65 (S.D.N.Y. 2013) (noting that "it is not clear that judicial approval of an FLSA settlement is legally required"); Fernandez v. A-1 Duran Roofing, Inc., No. 12-CV-20757 (JLK), 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) (finding approval of the parties' private settlement of FLSA claims unnecessary when both parties were represented by counsel); Picerni v. Bilingual Seit & Preschool Inc., 925 F. Supp. 2d 368, 378 (E.D.N.Y.

2013) (concluding that the parties' private settlement for FLSA claims and voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) did not require judicial approval).

Nonetheless, because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. See Carrillo, 2014 WL 2890309, at *5 ("If the parties privately settle FLSA claims and seek dismissal of the suit by filing a Rule 41 motion, the private settlement may be held unenforceable if the employer attempts to enforce the employees' waiver of claims per the settlement at a later date."); Picerni, 925 F. Supp. 2d at 372 ("[U]ntil some court determines that there was a bona fide dispute as to how much plaintiff was owed in wages, and that the offer of judgment fairly compromises it, the employer has not eliminated its risk [of exposure to future litigation]."). "[R]eview of a proposed FLSA settlement," however, "is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." Carrillo, 2014 WL 2890309, at *8.

### B. The Proposed Settlement

A district court may only approve an FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. Fry v. Accent Mktg. Servs., L.L.C., No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); see also Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA. D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 115 (1946); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945). As a threshold

matter, the Court finds that the proposed settlement is the product of contested litigation as the parties dispute the amount of overtime hours plaintiffs actually worked and whether defendants "shaved" work hours from their payroll records for purposes of calculating overtime wages. See Carrillo, 2014 WL 2890309, at *7 (identifying genuine disputes at issue when the parties contested the accuracy of the plaintiffs' time slips maintained by defendants, whether travel between work sites was reasonably compensable, and the amount of money plaintiffs were "advanced").

In determining whether a settlement is fair and reasonable under FLSA, factors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case. See Carrillo, 2014 WL 2890309, at *6 (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement); Fry, 2014 WL 294421, at *1 (considering the fairness factors applied to a Rule 23 class action in the context of a FLSA collective action and conditionally certified class). This approach focuses on the fairness of the process used by the parties in reaching a settlement and ensures "the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights." Lliguichuzhca, 948 F. Supp. 2d at 365. In reaching a determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." Crabtree v. Volkert, Inc., No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties

to determine the reasonableness of an FLSA settlement") (quoting Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

Considering the totality of the circumstances, the Court finds the proposed settlement fair and reasonable to all parties. The settlement provides payment for unpaid overtime compensation as well as liquidated damages for each named plaintiff. The liquidated damages double the amount of compensation provided to each plaintiff for unpaid overtime hours worked. The amounts provided for each plaintiff surpass or are close to the alleged damages: Ronnie King's damages for unpaid overtime were $2,116 and he receives a total of $8,000 under the proposed settlement; Danny Carbone's damages were $25,512.56 and he receives $27,757.92; Dominic Lawson's damages were $2,950.24 and he receives $10,257.92; Stephen Hill's damages were $32,880.62 and he receives $20,657.92. See Carrillo, 2014 WL 2890309, at *7 (approving a proposed $15,500 settlement when plaintiffs averred that damages amounted to $24,000). A settlement that provides total damages close to that asserted by plaintiff does not appear to be the product of employer "overreaching." Id.

The settlement also was reached by arm's length negotiation. All parties involved have been represented by experienced counsel throughout the litigation. The parties engaged in settlement negotiations and exchanged a "large amount of information and documents" for a month before submitting the proposed settlement. See Defs.' Mot. at 1-2 [Doc. #46]. A case management order was entered and a sufficient amount of discovery materials exchanged for the parties to understand the potential recovery and relative risks of proceeding to trial with their claims. Fry, 2014 WL 294421, at *1 ("[Y]et the litigation is not so advanced that the parties will

not realize significant benefits by settling before filing motions for summary judgment and trial."). While the settlement negotiations were ongoing, plaintiffs consented to multiple extensions of time for defendants to respond to the motion for conditional certification, and defendants in return consented to tolling the statute of limitations on putative class members' claims. The fairness of the process by which the proposed settlement was reached, therefore, further ensures a just outcome.

The Court also must assess the reasonableness of plaintiffs' attorney fees in a proposed FLSA settlement, even when the fee is negotiated in the settlement rather than through judicial determination. Lliguichuzhca, 948 F. Supp. 2d at 366. Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Id. (quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). In a private FLSA action where the parties settled on the fee through negotiation, "there is a greater range of reasonableness for approving attorney's fees." Wolinsky, 900 F. Supp. 2d at 336 (internal citations and quotations omitted).

Here, plaintiffs' counsel did not submit billing records detailing the amount of time expended on the case, but the terms of the proposed agreement provide plaintiffs' counsel $25,826.25 or 34% of the settlement amount negotiated by the parties. See Fry, 2014 WL 294421, at *2 (noting that the starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate). Plaintiffs' attorneys, however, have undertaken substantial motion practice, discovery, and negotiations with opposing counsel. See id. (concluding that the attorney's fees

6

requested and unopposed were reasonable based on the amount of time and effort expended in the case). Moreover, the damages paid to the named plaintiffs represent an amount greater than or close to the amount of uncompensated overtime alleged. See Carrillo, 2014 WL 2890309, at *7 (approving of attorney's fees even where plaintiff's counsel received more in compensation than the plaintiffs themselves when the damages paid to plaintiffs represented six times the overtime amount reflected in the time slips). The attorney's fees also appear to have been negotiated separately from the amount the plaintiffs will receive. Id. As such, any reluctance of the Court to approve the settlement "is not sufficient to overcome the presumption in favor of allowing parties to settle their own disputes, particularly where, as here, the settlement represents a bona fide settlement of disputes of material fact where the range of possible outcomes differs substantially." Id.

The Court reiterates, however, that it has reviewed and approved only the material terms of the proposed settlement as they relate to the FLSA-claims. "No opinion is necessary as to the enforceability of [other] terms and none is given. The Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." Id. at *8; see also Brumley v. Camin Cargo Control, Inc., Nos. 08-1798, 10-2461, 09-6128, 2012 WL 10919337, at *5-9 (D.N.J. Mar. 26, 2012) (approving FLSA settlement in part but rejecting confidentiality and waiver provisions in proposed settlement).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' consent motion for court approval of the settlement between the parties [Doc. #51] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall make an entry in the docket record reflecting the dismissal of this action with prejudice. <u>See</u> Fed. R. Civ. P. 41(a)(1)(A)(ii).

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this action for the sole purpose of determining whether the settlement should be enforced upon motion of any party.

                                                                               _____
                                                                               CAROL E. JACKSON
                                                                               UNITED STATES DISTRICT JUDGE

Dated this 12th day of February, 2015.